UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

PATRICIA THOMAS                    CASE NO.  2:22-CV-05025

VERSUS                             JUDGE JAMES D. CAIN, JR.

FAMILY SECURITY INSURANCE CO ET  MAGISTRATE JUDGE KAY
AL

**MEMORANDUM RULING**

Before the court is a Motion to Dismiss [doc. 8] filed under Federal Rule of Civil

Procedure 12(b)(1) by defendant Family Security Insurance Company ("FSIC"). Plaintiff

opposes the motion. Doc. 11.

**I.**
**BACKGROUND**

This suit arises from damage to plaintiff's home in Hurricane Laura, which struck

Southwest Louisiana on August 27, 2020. At all relevant times the home was insured under

a policy issued by FSIC, providing coverage for dwelling, other structures, contents, and

loss of use. Doc. 11, att. 8. Plaintiff notified FSIC of her damages after the storm and an

adjuster retained by FSIC estimated the losses to total $7,705.02 in actual cash value. Doc.

8, att. 3. FSIC asserts that it issued payment based on this estimate to plaintiff within the

time delays set forth under Louisiana law. Doc. 8, att. 1, p. 2. It further asserts that it

obtained no other information regarding plaintiff's losses, other than allusions to a

contractor estimate that plaintiff failed to provide despite multiple requests, until receiving

a letter of representation from plaintiff's counsel on September 2, 2022. *See* doc. 8, atts. 4 & 5 (email correspondence regarding contractor estimate and letter of representation).

Plaintiff filed suit in this court on August 26, 2022, raising claims of breach of insurance contract and bad faith under Louisiana law. Doc. 1. She invokes the court's diversity jurisdiction under 28 U.S.C. § 1332. *Id.* FSIC now moves to dismiss the case for lack of subject matter jurisdiction, asserting that plaintiff cannot satisfy the amount in controversy requirement. Doc. 8. Plaintiff opposes the motion. Doc. 11.

## II.
### LAW & APPLICATION

### A. Legal Standard

A motion under Rule 12(b)(1) attacks the court's jurisdiction to hear and decide the case. FED. R. CIV. P. 12(b)(1). The burden lies with the party seeking to invoke the court's jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Lack of subject matter jurisdiction may be found based on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Id.* On a facial attack to subject matter jurisdiction, which is based on the sufficiency of the complaint, court accepts all well-pleaded allegations in the complaint as true and construes those allegations in a light most favorable to the plaintiff. *Garcia v. Copenhaver, Bell & Associates, M.D.'s, P.A.*, 104 F.3d 1256, 1260–61 (11th Cir. 1997); *Pike v. Office of Alcohol and Tobacco Control of the La. Dep't of Rev.*, 157 F.Supp.3d 523, 533 (M.D. La. 2015). Because the parties have submitted evidence outside the pleadings that do not , this matter is a "factual"

attack and the court will consider that evidence while resolving any disputed issues of fact. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

### B.  Application

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). Subject matter jurisdiction must be proper under either 28 U.S.C. §§ 1331 or 1332. Section 1331 requires that claims in a civil action must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The claims brought by plaintiff arise under state law and so 28 U.S.C. § 1331 is inapplicable.

Diversity jurisdiction pursuant to 28 U.S.C. § 1332 requires complete diversity of citizenship and an amount in controversy greater than $75,000 exclusive of interest and costs. Typically, a plaintiff's assertion as to the amount in controversy is sufficient to invoke diversity jurisdiction. *Evanston Ins. Co. v. Spencer*, 2006 WL 3143026 (E.D. La. Oct. 30, 2006). Dismissal is only justified when it appears "to a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). However, "bare allegations [of jurisdictional facts] have been held insufficient to invest a federal court with jurisdiction." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (citations omitted).

Plaintiff's complaint contains only general allegations as to the amount in controversy. In opposition to this motion, however, she presents evidence suggesting that (1) FSIC failed to respond to requests she sent in October 2020 regarding reimbursement

under her Additional Living Expenses coverage [doc. 11, atts. 2–5]; (2) plaintiff sent additional photos of damage to her residence to FSIC in June 2021 [doc. 11, att. 6]; and (3) plaintiff attempted to have a contractor follow up with the insurer regarding the cost of repairs [doc. 11, att. 7].[1]

FSIC has filed no reply and its time for doing so has passed. The above evidence, in conjunction with plaintiff's claims for bad faith penalties and attorney fees, is enough to show that the amount in controversy may exceed the jurisdictional threshold. Accordingly, there is no basis for dismissing the suit for lack of subject matter jurisdiction.

### III.
### CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 8] will be **DENIED.**

**THUS DONE AND SIGNED** in Chambers on the 28th day of December, 2022.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[1] Plaintiff contends that she could not provide the latter due to the high demand for contractors locally. Doc. 11, p. 2.